NUMBER 13-07-513-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG


____________________________________________________________

 

IN RE LEVIYAS JAMAIL CLAYTON


____________________________________________________________


On Petition for Writ of Mandamus

____________________________________________________________


MEMORANDUM OPINION



Before Justices Yañez, Rodriguez, and Garza


Per Curiam Memorandum Opinion (1)



 Relator, Leviyas Jamail Clayton, pro se, filed a petition for writ of mandamus in
the above cause on August 20, 2007. Relator contends that he is being illegally
incarcerated and asks this Court to compel his release. We deny the petition for writ
of mandamus.

 Relator was convicted of murder and sentenced to thirty years' imprisonment. 
See Clayton v. State, 169 S.W.3d 254, 255 (Tex. App.-Corpus Christi 2005, pet.
granted). This Court reversed his conviction and ordered a judgment of acquittal. See
id. at 258. The court of criminal appeals has granted the State's petition for
discretionary review.

 Through this original proceeding, relator contends that Texas Rule of Appellate
Procedure 51.2(d) compels his immediate release from prison. See Tex. R. App. P.
51.2(d). Rule 51.2(d) provides that "When the appellate court reverses a judgment
and orders the defendant's acquittal, the defendant-if in custody-must be discharged,
and no further order or judgment of the trial court is necessary." See id.

 Rule 51.2(d) must be read in conjunction with the code of criminal procedure. 
Under article 44.04(h):

 If a conviction is reversed by a decision of a Court of Appeals, the
defendant, if in custody, is entitled to release on reasonable bail,
regardless of the length of term of imprisonment, pending final
determination of an appeal by the state or the defendant on a motion for
discretionary review. If the defendant requests bail before a petition for
discretionary review has been filed, the Court of Appeals shall determine
the amount of bail. If the defendant requests bail after a petition for
discretionary review has been filed, the Court of Criminal Appeals shall
determine the amount of bail. The sureties on the bail must be approved
by the court where the trial was had. The defendant's right to release
under this subsection attaches immediately on the issuance of the Court
of Appeals' final ruling as defined by Tex. Cr. App. R. 209(c).


Tex. Code Crim. Proc. Ann. art. 44.04(h) (Vernon 2006). Accordingly, to the extent
that relator is seeking release from imprisonment pending the resolution of his appeal,
relator would be required to request bail from the court of criminal appeals. See id.

 The Court, having examined and fully considered the petition for writ of
mandamus, is of the opinion that relator has not shown himself entitled to the relief
sought. Accordingly, the petition for writ of mandamus is DENIED. See Tex. R. App.
P. 52.8(a). Any pending motions are denied as moot.

 PER CURIAM

Do not publish. 

See Tex. R. App. P. 47.2(b).

Memorandum Opinion delivered and 

filed this 11th day of September, 2007.
1. See Tex. R. App. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is
not required to do so."); Tex. R. App. P. 47.4 (distinguishing opinions and memorandum opinions).